FILED ____ ____
LODGED ____ RECEIVED

SEP 01 2004 **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REBECCA BELL, KIRK BELL, RACHEL BLEVINS, PATRICIA BRILL, STEPHAN BURNETT, CHRISTINA DELORENZA, STACY DENMAN, RAY DILLON, JEAN DUNPHY, ROCHELLE EDWARDS, SARAH EUBANKS, LINDSAY FERTAL, DIANE GLADU, LAURICIA RILEY-SMITH, KARISSE HENDRICK, PHIL HERBERT, ELISABETH HILDEBRANDT, CATHERINE HUMPHRIES, BRANDON SIEKKINEN, SHANDA KUZOV, DONYELLE LANE, NORMAN LITVAK, ANGELA LETT, AMY SHEEHAN, RACHEL PALKO, KASEY TALLEY, KATE STONE, ALICIA MARTINEZ, CORY MATHEWS, KAREN KIPP, RICHARD TONEY and JOHN and/or JANE DOE Number's 1-75, <br><br> PLAINTIFFS, <br><br> V. <br><br> WEST TRAVEL, INC., and ALASKA SIGHTSEEING/CRUISE WEST CO. D/B/A CRUISE WEST, and RICHARD G. WEST, an individual, <br><br> DEFENDANTS. | COLLECTIVE ACTION COMPLAINT <br><br> JURY DEMAND <br><br> Case No. **CV04-1890** <br><br><br> 04-CV-01890-CMP |

COMPLAINT - PAGE 1 OF 9

GINSTER • WEBB
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
TELEPHONE 425-462-8240

ORIGINAL

Plaintiffs are former and/or present marine guest services employees of defendants and allege as follows:

## INTRODUCTION AND DESCRIPTION OF RELATED CASE

1. This action is related to Owen et al v. West Travel, Inc., (W.D. Wash. No. C03-0659Z). The *Owen* case is a collective action brought under the Fair Labor Standards Act for unpaid overtime wages against the same defendants named herein. The *Owen* class is comprised of marine guest services workers, essentially hotel workers, who worked aboard defendants' American flagged cruise ships at any time between March 13, 2000 and October 29, 2001. The *Owen* class workers seek unpaid FLSA overtime wages accruing since April 30th, 1999.

2. The *Owen* class action does not encompass claims accruing after October 30, 2001 as Ms. Owen, the representative plaintiff in that action, did not work for defendants after that date. However, while defendants did not employ Ms. Owen on or after October 30th 2001, defendants continued to employ many of the *Owen* class plaintiffs subsequent to October 30, 2001. The plaintiffs named herein are also *Owen* class plaintiffs that worked during the *Owen* class period (March 13, 2000 - October 29, 2001) and also worked for defendants at any time from October 30, 2001 forward. Through this action each named plaintiff states his or her individual claims for unpaid overtime wages which arose subsequent to the *Owen* class action. Each named plaintiff also states and brings this action on behalf of all other similarly situated marine guest services employees, including all other named plaintiffs.

## SUMMARY OF THE CASE

3. This action arises under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. Defendants own and operate a fleet of cruise ships. Defendants divide the crews on defendants' vessels into two separate categories. Defendants use the term "marine operations" to describe the

work of the category of its marine employees engaged in operating its vessels as a means of transportation. These "marine operations" employees include: the master, mates, engineers, and deckhands aboard each of defendants' vessels. Defendants use the term "marine guest services employees" to define the separate class of its marine workers, whose primary duties entail cooking, serving, entertaining, cleaning up after and/or doing housekeeping for the passengers aboard its vessels. Defendants alternatively refer to marine guest services employees as hotel workers. These guest services employees typically work very long hours on defendants' vessels, well in excess of 40 hours per week ("overtime").

4. Defendants employed each of the plaintiffs herein as marine guest services employees aboard one or more of their American flagged vessels. Plaintiffs allege that, under the FLSA, marine guest services employees are entitled to FLSA prescribed overtime compensation for work they perform in excess of 40 hours per week. Plaintiffs further allege that defendants are well aware of and have acknowledged their obligation to pay their marine guest services employees FLSA overtime compensation. Nonetheless, defendants have consistently and willfully failed to pay their marine guest services employees FLSA overtime compensation.

## JURISDICTION AND VENUE

5. Jurisdiction arises under the FLSA § 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331. Plaintiffs respectfully demand a jury for all claims triable by jury.

6. Venue is proper in this district under 28 U.S.C. § 1391. A substantial part of the events and omissions giving rise to the claim occurred in this judicial district. In addition, defendants are doing business in and office corporate offices in Seattle, Washington.

GINSTER • WEBB
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
TELEPHONE 425-462-8240

# PARTIES

7. The named Plaintiffs reside in widely dispersed geographic places; however more reside in the State of Washington than any other State. Each plaintiff was employed as marine guest services employee aboard defendants' vessels at some time during or throughout the period of October 30, 2001 up to and through the present. At all material times plaintiffs were "employees" of defendants within the meaning of 29 U.S.C. § 203. Defendants have withheld from discovery in *Owen* most of the personnel data for the Owen plaintiffs that post-dates the *Owen* class period. This has obstructed positive identification of each and every *Owen* plaintiff who worked for defendants after the *Owen* class period. Accordingly, in addition to the plaintiffs specifically named herein, plaintiffs also include John and/or Jane Doe #'s 1-75. Information as to the specific identity of these individuals is within the possession and control of defendants.

8. Defendants West Travel, Inc. and Alaska Sightseeing/ Cruise West Co. are doing business in the State of Washington and their principal place of doing business is within King County, Washington. At all material times West Travel, Inc. and Alaska Sightseeing/ Cruise West Co. were "employer(s)" and employed plaintiffs in "commerce" or as part of an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203.

9. Defendant Richard G. West is the chief principal and chief executive officer of defendants. Mr. West has long had knowledge of and ultimate control and authority over defendants' employment relationship with plaintiffs and defendants' wage and hour practices and policies with respect to plaintiffs. At all material times Mr. West was an "employer" and employed plaintiffs in "commerce" or as part of an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203.

## DEFINITION OF THE PUTATIVE CLASS

10. The class of "similarly situated" persons sought to be certified under 29 U.S.C. § 216(b) is defined as: all persons who worked as marine guest services employees aboard defendants' American flagged vessels *at any time* during the period of October 30, 2001 and up to the present and/or hereafter.

11. During the period material to this complaint defendants have owned and operated a fleet of at least six American flagged vessels crewed by U.S. citizens and/or U.S. documented workers. Defendants also own and/or operate one or more foreign flagged vessels. On information and belief these foreign flagged vessels are crewed by non-U.S. citizens. To eliminate the disparate issue of whether the FLSA applies to employment aboard defendants' foreign flagged vessels, the putative class excludes persons employed by defendants *exclusively* on defendants' foreign flagged vessels. The class's claims and allegations herein are limited to employment aboard defendants' American vessels.

## FACTS COMMON TO ALL CLAIMS OVERTIME CLAIMS

12. Plaintiffs usually worked in excess of 40 hours per week ("overtime"). More specifically, plaintiffs typically worked or were on duty 16 or more hours per day, 7 days a week.

13. Plaintiffs primarily worked in providing services to the passengers aboard defendants' vessels. No plaintiffs services were "rendered primarily as an aid in the operation of defendant's vessels as a means of transportation" within the meaning of 29 C.F.R. § 783.31. Accordingly, plaintiffs are not exempt as "seamen" under 29 U.S.C. § 213(b)(6) from the FLSA's overtime payment requirements under 29 U.S.C. § 207(a)(1).

GINSTER • WEBB
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
TELEPHONE 425- 462- 8240

14. Beginning years before the period covered by this suit, Defendants investigated their FLSA duties to their employees and have long known and/or should have known that the plaintiffs herein are covered and entitled to overtime under the FLSA.

15. In their corporate documents, including defendants' job description sheets and employee handbooks, defendants have acknowledged that most or all of the plaintiffs herein are covered and entitled to overtime pay under the FLSA.

16. Throughout the period covered by this suit, defendants paid and continue to pay plaintiffs on a day rate basis. Defendants assumed complete control over all passenger paid tips and, in addition to day rates, also paid most or all of plaintiffs a share of such tips. Without subsidization through tips, the day rates of many or most of defendants' hotel workers, when reduced to an hourly rate, fell far below federal minimum wage on a straight time basis with no overtime.

17. Defendants greatly subsidized their labor costs by broadly distributing tips to the majority of the persons working in their vessel crews, including not just to those who worked in the hotel or guest services department of each vessel but also to those on the marine operations side of each vessel such as deckhands and engine room personnel. This broad distribution of tips greatly advantaged defendants, however, it also substantially reduced the tip income of defendants' guest services employees, including the plaintiffs herein, who should have been the only employees rewarded with tips.

18. At some point in 2002 and continuing up to the present, defendants made cosmetic changes to its day rate pay scheme and began paying plaintiffs under what defendants term a "daily/hourly" scheme. Under this scheme defendants still paid and pay plaintiffs on a day rate. This day rate is based upon a 12 hour day. However, defendants purportedly divide each 12 hour day into 5.71 hours at a "regular rate" and 6.28 hours at an "overtime rate." This purported hourly division of

plaintiffs' day rates is purely fictitious and constitutes nothing more than a cosmetic change to defendants' day rate scheme. This latest incarnation of defendants' day rate pay scheme is a well recognized FLSA evasion tactic known as a "split-day" plan and is illegal *per se*.

19. For employment in excess of 40 hours per week, defendants did not pay plaintiffs compensation at a rate of not less than one and one-half times the "regular rate" at which they were employed within the meaning of 29 U.S.C. § 207(a)(1).

20. Defendants engaged in a pattern or practice, common to all named plaintiffs and the putative class, of not paying earned overtime compensation in compliance with the FLSA.

### FIRST CAUSE OF ACTION - VIOLATION OF 29 U.S.C. § 207(a)(1)

21. Plaintiffs re-allege and incorporate by reference as though set forth completely herein, all of the foregoing allegations.

22. For the purposes of their Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., claim, plaintiffs are not exempt employees under any of the exemptions stated under the statute. Specifically, the "seaman" exemption under Section 13(b) of the FLSA, 29 U.S.C. § 213(b)(6), does not apply to plaintiffs.

23. Defendants did not pay plaintiffs compensation for work performed in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed. Defendants' failure to so compensate plaintiffs and the putative class violated 29 U.S.C. § 207(a)(1).

24. Defendants' failure to pay overtime to plaintiffs in violation of 29 U.S.C. § 207(a) was willful.

GINSTER • WEBB
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
TELEPHONE 425-462-8240

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

25. Plaintiffs re-allege and incorporate by reference as though set forth completely herein, all of the foregoing allegations.

26. Plaintiffs are entitled to a declaration of their rights and, in accordance with 28 U.S.C. § 2201, seek a Declaratory Judgment that they are nonexempt employees under the FLSA and are, therefore, entitled to overtime compensation, pursuant to 29 U.S.C. § 207(a)(1), and that, they were not paid overtime compensation in compliance with the FLSA. Further and in accordance with 28 U.S.C. § 2202, plaintiffs seek an Order requiring that defendants compensate them for overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

27. Plaintiffs seek all further relief, in accordance with 28 U.S.C. § 2201, *et seq.*, as may be necessary, proper and just.

## PRAYER

Plaintiffs pray for relief as follows:

(a) For an Order determining and certifying the instant action as a proper collective action maintainable under 29 U.S.C. § 216(b);

(b) For judgment against defendants for unpaid overtime wages in an amount to be proven at trial; and for an additional equal amount as liquidated damages, attorneys fees and costs pursuant to 29 U.S.C. § 216(b);

(c) For an Order declaring plaintiffs to be non-exempt employees under the FLSA and therefore entitled to overtime compensation pursuant to the provisions of the FLSA;

(d) For pre-judgment and post-judgment interest;

(e) For the costs of maintaining this suit; and,

GINSTER • WEBB
225 106TH AVENUE N.E.
BELLEVUE, WASHINGTON 98004
TELEPHONE 425-462-8240

1  (f)  For an award to plaintiffs of any other relief this Court deems equitable and just.

2

3  DATED this 31st day of August, 2004.          DATED this 31st day of August, 2004.

4

5  _____             _____
   ANTHONY J. GINSTER, WSBA # 19310              GORDON C. WEBB, WSBA # 22777