1

2                                                  HONORABLE THOMAS S. ZILLY

3

4

5                                     **04-CV-01890-ORD**

6

7

8                            UNITED STATES DISTRICT COURT

9                      WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE

10

11  REBECCA BELL, et al.,           )      CASE NO. C04-1890Z

12             Plaintiffs,     )
                               )      STIPULATION AND

13        v.                 )      SETTLEMENT AGREEMENT
                               )

14  WEST TRAVEL, INC., and ALASKA  )
    SIGHTSEEING/CRUISE WEST CO. dba )

15  CRUISE WEST, and RICHARD G. WEST, )
    an individual,                 )

16                                 )

17           Defendants.      )
    _____)

18

19                  **STIPULATION AND SETTLEMENT AGREEMENT**

20

21        This Stipulation and Settlement Agreement ("Agreement") is made by the Plaintiffs

22  and the Defendants, West Travel, Inc., and Alaska Sightseeing/Cruise West Co. dba Cruise

23  West and Richard G. West (collectively, "Cruise West" or "Defendants") in the action

24  pending in the U.S. District Court for the Western District of Washington, Case No. C04-

25  1890Z ("Action"), and is subject to the approval of the Court. The "Plaintiffs" are Rebecca

26  Bell and all individuals who submitted a Consent to Become a Party Plaintiff whose names

27  are set forth on Exhibit A attached hereto.

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)                **WEBSTER, MRAK & BLUMBERG**
                                                    1420 FIFTH AVE. SUITE 2200
                                                       P.O. BOX 16365
STIPULATION AND SETTLEMENT AGREEMENT - 1                SEATTLE, WA 98116-0365
                                                        (206) 223-0344

**RECITALS**

I.     **Plaintiffs' Claims.** The Action was originally filed by plaintiff Bell in the District Court on September 1, 2004. On or about October 29, 2004, Bell filed and served an Amended Collective Action Complaint ("Amended Complaint"), alleging that Cruise West failed to pay overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. The Plaintiffs have claimed and continue to claim that their claims have merit and give rise to liability on the part of Cruise West. Neither this Agreement, nor any documents referred to or contemplated herein, or any action taken to carry out this Agreement is, or may be construed as, or may be used as an admission, concession, or indication by or against the Plaintiffs or Plaintiffs' Counsel as to the merits or lack thereof of the claims asserted.

II.     **Cruise West's Denials of Wrongdoing.** Cruise West has denied and continues to deny each of the claims and contentions alleged by the Plaintiffs in the Action. Cruise West has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Cruise West also has denied and continues to deny, *inter alia*, the allegations that the Plaintiffs have suffered damage, or that Cruise West misclassified any of the Plaintiffs as exempt from overtime requirements. Neither this Agreement, nor any documents referred to or contemplated herein, nor any action taken to carry out this Agreement is, or may be construed as, or may be used as an admission, concession or indication by or against Cruise West or Cruise West's counsel as to the validity or merits of the claims asserted or of any fault, wrongdoing or liability whatsoever.

III.     **Certification and Notice.** Plaintiff sought to certify a collective action and on February 15, 2005, the Court provisionally certified, over Cruise West's objection, a class consisting of:

> Those individuals who were employed by Defendants as "marine guest services employees" from October 30, 2001 through March 7, 2005. "Marine

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 2

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

1   guest services employees," include all Chefs of any type, all Galley Staff of
2   any type, all Bartenders and Bar Staff, Pursers, Cruise Coordinators and all
    CSRs (customer service representatives).
3   Notice was sent to current and former employees of Cruise West, and the Plaintiffs listed in
4
5   Exhibit A submitted a Notice to Become a Party Plaintiff. The Court did not address the
    merits of the parties' arguments.
6
7       **IV.     Discovery in the Collective Action.**
8       The parties have engaged in factual discovery in this action. Counsel for the parties
9   have further investigated the applicable law as applied to the facts discovered regarding the
10  alleged claims of the Plaintiffs and potential defenses thereto, and the damages claimed by
11  the Plaintiffs. In pertinent part, the investigation has yielded the following: The gist of the
12  Action is the allegation that Cruise West has failed to pay the Plaintiffs overtime
13  compensation as allegedly required by law. The Plaintiffs are demanding various amounts
14  for wages, penalties, interest, attorneys' fees, and other damages. Cruise West contends that
15  the Plaintiffs were properly paid, they were exempt from federal overtime requirements by
16  virtue of one or more exemptions recognized under federal law, and several additional
17  defenses apply.
18
19      **V.      Benefits of Settlement to the Plaintiffs.** Plaintiffs recognize the expense and
20  length of continued proceedings necessary to continue the litigation against Cruise West
21  through trial and through any possible appeals. Plaintiffs have also taken into account the
22  uncertainty and risk of the outcome of further litigation, and the difficulties and delays
23  inherent in such litigation. Plaintiffs are also aware of the burden of proof necessary to
24  establish liability for the claims asserted in the Action, Cruise West's defenses thereto, and
25  the difficulties in establishing damages. Plaintiffs have also taken into account the extensive
26  settlement negotiations conducted under the auspices of U.S. Magistrate Judge James P.
27  Donohue, which negotiations ended in written settlement terms executed on January 30,

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 3

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE, SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

2007. Based on the foregoing, Plaintiffs have determined that the settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in their best interests.

**VI.** **Cruise West's Reasons for Settlement.** Cruise West has concluded that any further defense of this litigation would be protracted and expensive. Substantial amounts of time, energy and resources of Cruise West have been and, unless this Agreement is made, will continue to be devoted to the defense of the claims asserted by the Plaintiffs. Cruise West has, therefore, agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the claims asserted by the Plaintiffs.

### TERMS AND CONDITIONS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Plaintiffs and Cruise West, and subject to the approval of the Court, that the Collective Action is hereby being compromised and settled pursuant to the terms and conditions set forth in this Agreement and that the Action shall be dismissed with prejudice, subject to the recitals set forth hereinabove (which by this reference become an integral part of this Agreement) and subject to the following terms and conditions:

1. **Payment by Cruise West.** Cruise West shall arrange for payment of $940,000.00 (Nine Hundred Forty Thousand Dollars and No Cents) into a fund (the "Settlement Fund" as defined below) for purposes of this settlement which shall be paid into the trust account of Webster Mrak & Blumberg after the Court's approval of this Stipulation and Settlement Agreement and the Court's entry of the Final Judgment and Order of Dismissal With Prejudice ("Final Judgment"), the form of which is attached as Exhibit B. If the actual date of payment of the Settlement Fund is more than fifteen (15) days after the Court's approval of this Stipulation and Settlement Agreement and the Court's entry of the Final Judgment, then Cruise West shall, in addition, pay interest on the Settlement Fund at the annual rate of 8.25% during the period between the date which is 15 days past the date of entry of the Final Judgment and the date the settlement is paid. The Settlement Fund and

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 4

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

applicable interest, if any, shall be paid not later than June 30, 2007, unless Final Judgment is not entered by that date, in which case the Settlement Fund shall be paid, without interest, within fifteen days after the date Final Judgment is entered.  This payment is made in exchange for the promises and commitments made by Plaintiffs and their counsel throughout this Agreement, including but not limited to the release of claims by Plaintiffs in paragraph 2 and the dismissal with prejudice in paragraph 11.  The fact and amount of these payments will be reported on IRS Form 1099.

      **2.**     **Release.**  Plaintiffs, both individually and in their collective capacity, on behalf of themselves and their marital communities, heirs, executors, administrators, and assigns, do hereby irrevocably waive, release, acquit, and forever discharge Cruise West, its owners, affiliates, or related entities, and its present and former directors, officers, employees, agents and attorneys, both individually and in their representative capacities (collectively, the "Released Parties"), from any and all claims, rights, demands, charges, complaints, causes of action, damages, obligations, disputes, or liabilities of any kind or nature that were asserted in the Action or could have been but were not asserted in the Action, whether known or unknown, arising out of the alleged facts, circumstances, and occurrences underlying the allegations set forth in the Amended Complaint.  This release specifically excludes, without limitation, the following:  any claims for breach or enforcement of this Agreement; any claims for physical injury, maintenance, cure, and "unearned wages" arising due to any injury and/or illness suffered by a Plaintiff while in the employment of Cruise West and/or the service of one or more of Cruise West's vessels; any claims for or entitlements to ERISA plan benefits; any claims under the Age Discrimination in Employment Act or Older Workers Benefits Protection Act; any claims that may not be released as a matter of law and claims under the Fair Labor Standards Act for any period after March 7, 2005.

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 5

**WEBSTER, MRAK & BLUMBERG**
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

**3.**   **Time Period Covered by Settlement Payments.** The settlement payments cover claims under the Fair Labor Standards Act for the period through March 7, 2005.

**4.**   **Settlement Fund.** The term "Settlement Fund" shall refer to the funds (totaling $940,000.00) that Cruise West pays into the trust account of Webster Mrak & Blumberg for distribution in accordance with this Agreement. Interest that accrues on the Settlement Fund shall belong to Plaintiffs.

**5.**   **Allocation of Settlement Fund.** The Settlement Fund shall be allocated among the following elements: (a) the total payments to the Plaintiffs of the Gross Settlement Amounts less deductions as explained in paragraph 6 below (the potential total Gross Settlement Amounts equal $617,902.24, less taxes, plus interest accrued on the Settlement Fund, and shall collectively be referred to as the "Payout Fund"); (b) costs incurred by Plaintiffs' Counsel ($6,764.43 plus additional taxes and up to $2,000.00 for costs of administration as set forth in paragraphs 7 and 13 below); and (c) the fees awarded to Plaintiffs' Counsel ($313,333.33) as set forth in paragraph 8 below. For purposes of this Agreement, the Gross Settlement Amounts shall be allocated among alleged unpaid wages and overtime compensation ($216,265.78), alleged liquidated damages ($216,265.78), alleged interest ($185,370.68), plus alleged interest accrued on the Settlement Fund. Because the amount of accrued interest is unknown, the amounts stated herein as allocated among the designated elements are necessarily approximate.

**6.**   **Plan of Allocation for Payment to Plaintiffs.** A Plaintiff's Gross Settlement Amount will be calculated in proportion to the amount of back pay calculated and set forth for such person in Exhibit C. From the portion of each Plaintiff's Gross Settlement Amount allocated to unpaid wages and overtime compensation, payroll deductions will be made for state and federal withholding and other taxes and any other applicable payroll deductions owed by the Plaintiff as a result of the payment. The resulting amount, plus each Plaintiff's share of liquidated damages and accrued interest, result in a "Net Settlement Amount." The

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

Net Settlement Amount that will be paid to each Plaintiff is the Plaintiff's "Settlement Award." The Gross Settlement Amount for that Plaintiff is consequently the sum of the Net Settlement Amount for that Plaintiff plus the state and federal withholdings taxes and other payroll deductions owed by the Plaintiff relating to the payment to the Plaintiff.

      **7.**  Reimbursement of Costs Incurred by Counsel.  Plaintiffs' Counsel shall be entitled to reimbursement from the Settlement Fund of the costs they incurred in connection with the Action, which total $ 6,764.43 plus costs of administration as set forth in paragraph 13 below.

      **8.**  **Fees Award.**

      A.  Plaintiffs' Counsel shall be entitled to an award of attorneys' fees ("Fees Award") of $ 313,333.33, constituting thirty three and 1/3 percent (33-1/3%) of the value of the Settlement Fund.

      B.  The Fees Award shall be paid from the Settlement Fund and shall be distributed as between Plaintiffs' Counsel as Plaintiffs' Counsel have mutually agreed among themselves.

      C.  Payment of the Fees Award to Plaintiffs' Counsel shall constitute full satisfaction of Cruise West's obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses or costs in the Action incurred by any person, attorney, or law firm on behalf of the Plaintiffs, and shall relieve Cruise West, the Settlement Fund Administrator, and all other Released Parties of any other claims or liability to any other person, attorney, or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiffs with respect to their claims.

      **9.**  **Responsibilities of Webster Mrak & Blumberg.**  Upon approval of the Court, Webster Mrak & Blumberg shall act as Settlement Fund Administrator and in that capacity shall:

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 7

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

A.   From the Settlement Fund, pay and/or withhold all required federal, state, and local taxes;

B.   From the Settlement Fund, pay the reimbursement of costs incurred by counsel;

C.   From the Settlement Fund, pay the Fees Award;

D.   From the Settlement Fund, pay the Settlement Awards from the Payout Fund to the Plaintiffs in accordance with the terms of this Agreement; and

E.   Report all payments and taxes as required by federal, state, and local law.

**10.   Operation of the Settlement Fund.**

A.   Webster Mrak & Blumberg will establish a separate interest bearing trust account for the Settlement Fund;

B.   Webster Mrak & Blumberg will calculate the net amounts to be paid to the Plaintiffs from the Payout Fund in accordance with the terms and provisions of this Agreement;

C.   Webster Mrak & Blumberg shall have the authority and obligation to make payments, credits and disbursements, including payments in the manner set forth herein, to the Plaintiffs from the Payout Fund calculated in accordance with the methodology set out in this Agreement and orders of the Court;

D.   Webster Mrak & Blumberg shall make all proper payments, disbursements and credits from the Settlement Fund; and

E.   No payments shall be made from the Settlement Fund until the Final Judgment is entered and either (1) the period for appealing the Final Judgment has passed and expired, or (2) any appeal has been finally resolved.

**11.   Approval of Settlement and Dismissal with Prejudice.** Simultaneously with the filing of this Agreement, Plaintiffs' Counsel shall file a motion to approve the

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 8

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

1  Agreement and for entry of the Final Judgment.  Plaintiffs' Counsel shall provide Cruise

2  West with a proposed motion at least seven (7) days prior to filing this Agreement and shall

3  attempt in good faith to address any concerns raised by Cruise West.  Cruise West will not

4  oppose the motion; however, Cruise West reserves the right to correct and/or contest any

5  representations or statements made in the motion or supporting documentation.  Upon

6  approval of the Agreement by the Court, the parties shall promptly present the Final

7  Judgment to the Court for approval.  After entry of the Final Judgment, the Court shall have

8  continuing jurisdiction solely for purposes of addressing: (a) interpretation, implementation

9  and enforcement of this Agreement, and (b) such post-Final Judgment matters as may be

10 appropriate under court rules or as set forth in this Agreement.

11

12      **12.    Procedure for Payment of Settlement Awards.**  Settlement Awards for the

13 Plaintiffs shall be paid pursuant to the settlement formula set forth herein.  Webster Mrak &

14 Blumberg's determination of the amounts of any Settlement Awards under the terms of this

15 Agreement shall be conclusive, final and binding on all parties, including all Plaintiffs,

16 subject to review by the Court, if necessary.  Any checks paid to Plaintiffs shall remain valid

17 and negotiable for 90 days from the date of their issuance.  Any balance remaining in the

18 trust account created by Webster Mrak & Blumberg shall be disbursed pursuant to further

19 order of the Court.  Webster Mrak & Blumberg shall keep the Court and counsel for the

20 parties apprised of all distributions from the Settlement Fund, and upon completion of

21 administration of the Agreement, Webster Mrak & Blumberg shall provide written

22 certification of such to the Court and counsel for the parties.

23

24      **13.    Costs of Administration.**

25          A.    All taxes (other than plaintiff-paid withholding taxes) shall be paid

26 from the Settlement Fund as a cost of administration.  In addition, Plaintiffs' Counsel's costs

27 and expenses incurred in administering the settlement shall be reimbursed from the

Settlement Fund in an amount not to exceed $2,000.00.  The parties agree to cooperate in the

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)
STIPULATION AND SETTLEMENT AGREEMENT - 9

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

settlement administration process and to make reasonable efforts to control and minimize the costs and expenses incurred in administration of the Agreement.

      B.    Payment of these amounts shall constitute full satisfaction of Cruise West's and the Released Parties' obligations to pay any amounts to any person, attorney, or law firm for costs, expenses, taxes, or any other amount in relation to the Action and the administration of and payments under this Agreement.

      **14.**    **Taxation.**

      A.    The parties agree that appropriate withholding of federal, state, and local taxes, and the Plaintiffs' share of FICA and Medicare taxes, will be made from payments made pursuant to this Agreement.

      B.    Webster, Mrak & Blumberg, as the Settlement Fund Administrator, shall undertake responsibility for paying all taxes (other than plaintiff-paid withholding taxes) as a cost of administration.

      C.    Plaintiffs' withholding taxes shall be deducted from their Gross Settlement Amount. The amount of federal income tax withholdings will be based upon the applicable flat withholding rate for supplemental wage payments. Income tax withholdings will also be made pursuant to applicable state and/or local withholding codes or regulations.

      D.    The Settlement Fund Administrator shall pay all taxes to the appropriate taxing authority and shall issue to individual Plaintiffs all tax documentation, including Form W-2 for relevant wage damages, and Form 1099 for interest and liquidated damages and such individual Plaintiff's respective share of the Fees Award and cost reimbursement.

      **15.**    **Nullification of Settlement Agreement.** In the event (a) the Court does not approve the Agreement as provided herein; (b) the Court does not enter the Final Judgment as provided herein; or (c) the Agreement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 10

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

furtherance of this Agreement shall be treated as void *ab initio*.  In such a case, absent a subsequent agreement between the parties, the parties and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the settlement terms executed on January 30, 2007, and the parties shall proceed in all respects as if this Agreement had not been executed.  In the event an appeal is filed from the Court's Final Judgment, or any other appellate review is sought, administration of the Agreement shall be stayed pending final resolution of the appeal or other appellate review.

16.   **Authorization to Enter Into Settlement Agreement.**  Rebecca Bell and Plaintiffs' Counsel warrant and certify that they are authorized by the Plaintiffs to negotiate and enter into this Agreement and to take all appropriate actions required or permitted to be taken by Plaintiffs pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The person signing this Agreement on behalf of Cruise West represents and warrants that he is authorized to sign this Agreement on behalf of Cruise West.  The parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event the parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the parties may seek the assistance of the Court to resolve such disagreement.

17.   **Washington Law Governs.**  All terms of this Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Washington, excluding its choice of law rules.

18.   **Counterparts.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Agreement shall exchange among themselves original signed counterparts.

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 11

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

**19.**   **Exhibits and Headings.** The exhibits are an integral part of this Agreement. Headings are inserted for convenience and are not part of this Agreement.

**20.**   **Intent.** This Agreement is intended to fully and finally resolve all claims between the parties in the Action. Every provision of this Agreement shall be interpreted to accomplish this end.

**21.**   **Disposition of Documents.** Within ninety (90) days of entry of the Final Judgment or upon final resolution of any appeal if the Final Judgment is appealed, all documents produced in the litigation shall be returned to the producing party unless the parties mutually agree to some other disposition of the documents.

**22.**   **Modification of the Agreement.** This Agreement may be modified only through a written instrument signed by counsel and representatives of the parties.

**23.**   **Defense and Indemnity.** To the extent that any claims arise relating to the administration of the Agreement, Webster Mrak & Blumberg shall defend and indemnify Cruise West and its counsel in the proceedings.

**24.**   **This Settlement is Fair, Adequate and Reasonable.** The parties believe the Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this Agreement in arms-length negotiations, taking into account all relevant factors, present and potential. This Agreement was reached after extensive and tenacious negotiations.

**25.**   **Cooperation and Drafting.** Each of the parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

NAMED PLAINTIFF/PLAINTIFFS

*See Attached*

Date: _____, 2007

Rebecca Bell, individually and as an authorized agent for all other Plaintiffs

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 12

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

19.   **Exhibits and Headings.**  The exhibits are an integral part of this Agreement. Headings are inserted for convenience and are not part of this Agreement.

20.   **Intent.**  This Agreement is intended to fully and finally resolve all claims between the parties in the Action.  Every provision of this Agreement shall be interpreted to accomplish this end.

21.   **Disposition of Documents.**  Within ninety (90) days of entry of the Final Judgment or upon final resolution of any appeal if the Final Judgment is appealed, all documents produced in the litigation shall be returned to the producing party unless the parties mutually agree to some other disposition of the documents.

22.   **Modification of the Agreement.**  This Agreement may be modified only through a written instrument signed by counsel and representatives of the parties.

23.   **Defense and Indemnity.**  To the extent that any claims arise relating to the administration of the Agreement, Webster Mrak & Blumberg shall defend and indemnify Cruise West and its counsel in the proceedings.

24.   **This Settlement is Fair, Adequate and Reasonable.**  The parties believe the Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Agreement was reached after extensive and tenacious negotiations.

25.   **Cooperation and Drafting.**  Each of the parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction made to this Agreement, the same shall not be construed against any of the parties.

NAMED PLAINTIFF/PLAINTIFFS

Date: _6.2_, 2007

Rebecca Bell, individually and as an
authorized agent for all other Plaintiffs

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 12

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

PLAINTIFFS' COUNSEL

GINSTER & WEBB, P.S. INC.

s/Gordon Webb, Anthony Ginster

Date: 6/2/2007   By: _____
                      Anthony J. Ginster
                      Gordon C. Webb


WEBSTER, MRAK & BLUMBERG

s/ James Webster, Rick Blumberg

Date: 6/2/2007   By: _____
                      James H. Webster
                      Richard P. Blumberg


WEST TRAVEL, INC. and ALASKA
SIGHTSEEING/CRUISE WEST CO.
dba CRUISE WEST

*See Attached*

Date: _____, 2007   By: _____
                            Jeff Krida
                            President


RICHARD G. WEST, an individual

*See Attached*

Date: _____, 2007   _____
                            Richard G. West


DEFENDANTS' COUNSEL

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

*See Attached*

Date: _____, 2007   By: _____
                            Patrick M. Madden
                            Marc C. Levy


BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

STIPULATION AND SETTLEMENT AGREEMENT - 13

**WEBSTER, MRAK & BLUMBERG**
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

Jun 05 07 11:07a     Anthony Ginster     MRAKBLUMBERG
06/04/2007  13:39      2069382953

1

2

3    Date: June 4th, 2007

4

5

6

7    Date: June 4, 2007

8

9

10

11

12   Date: 6/5, 2007

13

14

15

16

17   Date: June 5 2007

18

19

20

21

22   Date: June 6, 2007

23

24

PLAINTIFFS' COUNSEL

GINSTER & WEBB, P S INC

By: _____
    Anthony J. Ginster
    Gordon C. Webb

WEBSTER, MRAK & BLUMBERG

By: _____
    James H. Webster
    Richard E. Blumberg

WEST TRAVEL, INC. and ALASKA
SIGHTSEEING/CRUISE WEST CO
dba CRUISE WEST

By: _____
    Jeff Krida
    President

RICHARD G. WEST, an individual

_____
    Richard G West

DEFENDANTS' COUNSEL

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

By _____
    Patrick M. Madden
    Marc C. Levy

BELL v WEST TRAVEL, INC. (CASE NO. C04-0890Z)
STIPULATION AND SETTLEMENT AGREEMENT - 13

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE, SUITE 3200
P.O. BOX 16345
SEATTLE, WA 98116-0845
(206) 622-0544

EXHIBIT A

COMPLETE LIST OF INDIVIDUALS WHO SUBMITTED A CONSENT TO BECOME A PARTY PLAINTIFF IN BELL v. WEST TRAVEL (Case No. C04-0890Z)

Allen, Christy
Amonette, Amy
Asmundson, Paul
Bader, Karen
Ball, Amy L.
Baretich, Robert O.
Barker, Kaci J.
Barnett, Meredith
Bayley, Joe
Bell, Kirk
Bell, Rebecca
Belt, Shanta
Bernard, Steven
Blanford, Nathaniel
Blevins, Rachel
Bliss, Kelly
Boney, John T.
Brenden, Martha
Brill, Patricia
Brown, Matt
Bucknot, Rondi
Burdg, Tim
Burgin, Duane
Burnett, Stephan
Calhoun, Kenneth
Campbell, Michael
Caradine, Lisa
Christy L. Mitchel (aka Love)
Church, Eric
Ciano, James
Clark, Phillip
Cox, Kelli
Craddock (Glockner), Twila J.
Davis, Richard
Delorenza, Christina
Denman, Stacy
DeYoung, Michelle L.
Dickinson, Robert J.
Dillin, Ray
Dozier, Debra
Dunn, Ronnie
Dunphy, Joan
Edwards, Rochelle
Esterline, Blythe
Eubanks, Sarah
Eye, Benjamin
Fertal, Lindsay
Fleming, Kara
Force, Kimberly
Foster, Rachol M.
Frakes, Richard
Fuller, Rachel
Gills, Rodriquez

Gladu, Lindsay (Diane)
Goltz, Mandy
Goodman, Leah
Goodwillie, Michael R.
Granado, Olivia I.
Gray, Stephanie
Guimond, Tim
Guthrie, Jennifer
Halley, Brian
Hanson, Dustin
Harvey, Stephanie
Haun, Amanda
Hefta, Scott M.
Hendrick, Karisse
Herbert, Phil
Hildebrandt, Elisabeth
Hinzman, Jason
Holley, Amber
Howard, Robert Ryan
Humphreys, Catherine
Irvin, Jennifer
Jewell, Erin
Johnson, Tom
Jonstone, Carolyn
Kavanau, Corrie
Kehl, Sylvia
Kennedy, Megan
Kimble, Jessica
Kipp, Karen
Kleier, Jaclyn
Knight Jr., Gregory
Knight, Cassandra
Kuprienko, Kevin
Kuzov, Shanda
La Follette, Suzanna
Lampe, Amy
Lane, Donyelle
Lehman, Heather
Lett, Angela
Lispie, Alissa
Litvak, Norman
Long, Amy
Long, Melanie
Lucas, Ryan
Mack, Trinity
Marcello, Robert A.
Martinez, Alicia
Mathews, Roland
Mauricio, Christina
McCullough, James
McGregor, Nicole
Menzel, Faye
Morita, Lia A.

Mewmaw, Chad
Mostefa, Benbadis L.
Neifert, Leanne
O'Dell, Donita
Orr, Joshua M.
Outen, Aaron
Oveson, Amanda K.
Page, Alexa C.
Palko, Rachel
Persha, Chad N.
Peterson, Andrea
Potter, Connie
Pradel, Tamlin
Price, Cory
Quinn, Nicoll
Raketty, Clifford
Reagan, Carol
Reier, Carl
Renaud, Marlene
Riley-Smith, Lauricia
Rodriguez, Arthur
Ruffino, Gregory K.
Russell, Tyler J.
Sandelin, Sabrina
Sanders, Alixis
Sapp, Byron
Schultz, Gerard
Shaw, Cheyenne
Sheehan, Amy
Sibbald, Shannon
Siekkinen, J. Garin
Siekkinen, John Brandon
Smith, Dwayne
Smith, Gary
Smith, Nicole
Spencer, Alanna J.
Steppig, Jennifer
Stewart, Jennifer
Stone, Kate
Strode, Callie A.
Talley, Kasey
Tarbell, Ryan
Taylor, Chris
Thylin, Sandra
Tofte, Erik
Toney, Richard
Wait, Alex
Welfare, Lisa A.
Williams, Christopher
Wood, Karianne
Wood, Tammy M.
Wright, Angela
Yu, John

Complete Claimant List (W.D. Wash. No. C04-0890Z) - 1

EXHIBIT B

HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
7
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
8

REBECCA BELL, et al.
9
PLAINTIFFS,
10
V.
11

WEST TRAVEL, INC., and ALASKA
12 SIGHTSEEING/CRUISE WEST CO.
D/B/A CRUISE WEST, and RICHARD
13 G. WEST, an individual,

14 DEFENDANTS.

15

Case No. 04-1890Z

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

16     This matter has come before the Court for hearing pursuant to Plaintiffs' Motion for

17 Approval of Settlement Agreement as set forth in the Stipulation and Settlement Agreement

18 ("Agreement") between the parties, and the Court having considered all papers filed and

19 proceedings had herein and otherwise being fully informed of the premises and good cause

20 appearing therefore, it is

21     ORDERED, ADJUDGED AND DECREED THAT:

22     1.     All terms used herein shall have the same meaning as defined in the

23 Agreement.

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 1

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116 0365
(206) 223-0344

1        2.        This Court has jurisdiction over the subject matter of this litigation and over

2    all Parties to this litigation, including all Plaintiffs.

3        3.        This Court hereby approves the terms set forth in the Agreement and finds

4    that the Agreement involves the resolution of a bona fide dispute over liability and damages

5    under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and is, in all respects, fair and

6    reasonable and directs the Parties to effectuate the Agreement according to its terms. The

7    Court finds that the Agreement has been reached as a result of intensive, serious and non-

8    collusive arms-length negotiations. The Court further finds that the Parties have conducted

9    extensive and costly discovery and research and counsel for the Parties are able reasonably to

10   evaluate their respective positions. The Court also finds that settlement at this time will

11   avoid additional substantial costs, as well as avoid the delay and risks that would be

12   presented by the further prosecution of the Action. The Court has reviewed the monetary

13   recovery that is being granted as part of the Agreement and recognizes the significant value

14   to the Plaintiffs of the monetary recovery.

15       4.        Plaintiffs, both individually and in their collective capacity, on behalf of

16   themselves and their marital communities, heirs, executors, administrators, and assigns, are

17   hereby barred and permanently enjoined from maintaining, prosecuting, commencing, or

18   pursuing against Cruise West and discharge Cruise West, its owners, affiliates, or related

19   entities, and its present and former directors, officers, employees, agents and attorneys, both

20   individually and in their representative capacities, from any and all claims, rights, demands,

21   charges, complaints, causes of action, damages, obligations, disputes, or liabilities of any

22   kind or nature that were asserted in the Action or could have been but were not asserted in

23   the Action, whether known or unknown, arising out of the alleged facts, circumstances, and

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 2

1    occurrences underlying the allegations set forth in the Amended Complaint. This discharge

2    specifically excludes, without limitation, any claims for the following: any claims for breach

3    or enforcement of this Agreement; any claims for personal injury, maintenance, cure, and

4    "unearned wages" arising due to any injury and/or illness suffered by a Plaintiff while in the

5    employment of Cruise West and/or the service of one or more of Cruise West's vessels; any

6    claims for or entitlements to ERISA plan benefits; any claims under the Age Discrimination

7    in Employment Act or Older Workers Benefits Protection Act; any claims that may not be

8    released as a matter of law; and claims under the Fair Labor Standards Act for any period

9    after March 7, 2005.

10        5.    The Agreement is not an admission by Cruise West or any of the other

11    Released Parties, nor is this Judgment a finding, of the validity of any claims in the Action or

12    of any wrongdoing by Cruise West or any of the other Released Parties. Neither this

13    Judgment, the Agreement, nor any document referred to herein, nor any action taken to carry

14    out the Agreement is, may be construed as, or may be used as an admission, concession, or

15    indication by or against Cruise West or any of the other Released Parties as to the validity or

16    merits of the claims asserted or of any fault, wrongdoing or liability whatsoever.

17        6.    The settlement payments cover claims under the Fair Labor Standards Act for

18    the period through March 7, 2005.

19        7. No later than June 30th, 2007 or fifteen (15) days after this Final Judgment is

20    entered, whichever is later, defendants shall pay the principal amount of $940,000.00 plus

21    accrued interest, if any, to Webster Mrak & Blumberg in trust for Rebecca Bell et al., and

22    mail or deliver the check to Webster Mrak & Blumberg at 1420 Fifth Avenue, Suite 2200,

23    P.O. Box 16365, Seattle, WA 98116-0365, in that amount, for distribution in accordance

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 3

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

1    with the Agreement. Interest shall begin to accrue on the principal amount at annual rate of

2    8.25% on the date which is fifteen (15) days past entry of this Final Judgment and continue to

3    accrue at that rate until the settlement is paid. Webster Mrak & Blumberg is approved as the

4    Settlement Administrator and is to administer the Settlement Fund in accordance with the

5    Stipulation and Settlement Agreement.

6         8.      The Court hereby dismisses the Action on the merits and with prejudice

7    against the Named Plaintiffs and all individuals who submitted to the Court a Consent to

8    Become a Party Plaintiff in favor of Cruise West and without costs or attorneys' fees to any

9    party, except as provided for in the Agreement. In the event settlement is not perfected, any

10   party may move to reopen the case, provided such motion is filed within 90 days of the date

11   of this Final Judgment. Without affecting the finality of this Judgment in any way, this Court

12   hereby retains continuing jurisdiction over interpretation, implementation and enforcement of

13   the Agreement and such other post-Final Judgment matters as may be appropriate under the

14   court rules. If the settlement has not been satisfied within the time provided in paragraph 7,

15   above, plaintiffs shall be awarded a monetary judgment, subject to execution in the amount

16   of $940,000.00, plus all accrued and accruing interest. _In the event of any motion(s) and/or

17   proceedings which the Court deems reasonable and necessary to the enforcement of the

18   Agreement, the prevailing party in such proceedings shall be entitled to an award of its

19   reasonable attorneys fees and costs.

20        9.      The Court hereby awards Plaintiffs' Counsel, payable from the Settlement Fund,

21   costs in the amount of $ 6,764.43, plus Costs of Administration as provided for in the

22   Agreement, and attorneys' fees in the amount of $313,333.33. Plaintiffs' counsel shall not be

23   entitled to any other award of attorneys' fees or costs in any way connected with this Action.

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 4

**WEBSTER, MRAK & BLUMBERG**
1420 FIFTH AVE. SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

10. After administration of the Settlement has been completed in accordance with the Agreement and all amounts calculated, and in no event later than 180 days after entry of this order, Webster Mrak & Blumberg shall file a report with this Court certifying compliance with the terms of the Agreement.

11. The Court finds that the Agreement is in good faith and constitutes a fair, reasonable and adequate compromise of the released claims against Cruise West.

Dated: June 13, 2007

_____
UNITED STATES DISTRICT JUDGE

BELL v. WEST TRAVEL, INC. (CASE NO. C04-0890Z)

FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE - 5

WEBSTER, MRAK & BLUMBERG
1420 FIFTH AVE, SUITE 2200
P.O. BOX 16365
SEATTLE, WA 98116-0365
(206) 223-0344

EXIIIBIT C

CALCULATION AND APPORTIONMENT OF PLAINTIFFS' DOUBLE DAMAGES BASED UPON THE
ASSUMPTION OF A 14 HOUR DAY WITH THE REGULAR RATE PAID FOR 13 HOURS

| Emp_SD | Damages | |
|---|---|---|
| Allen, Christy | 15426.04 | |
| Amonette, Amy | 20720.93 | |
| Asmundson, Paul | 50294.51 | |
| Bader, Karen | 1978.66 | |
| Ball, Amy L. | 26405.02 | |
| Baretich, Robert O. | 15427.18 | |
| Barker, Kaci J. | 41120.28 | |
| Barnett, Meredith | 3555.23 | |
| Bayley, Joe | 5363.62 | |
| Bell, Kirk | 20877.6 | |
| Bell, Rebecca | 10569.19 | |
| Belt, Shanta | 10232 | |
| Bernard, Steven | 397.81 | |
| Blanford, Nathaniel | 19418.79 | |
| Blevins, Rachel | 0 | (not employed in class period) |
| Bliss, Kelly | 2026.16 | |
| Boney, John T. | 9042.84 | |
| Brenden, Martha | 1437.21 | |
| Brill, Patricia | 22662.9 | |
| Brown, Matt | 7436.29 | |
| Bucknot, Rondi | 74673.7 | |
| Burdg, Tim | 7420.64 | |
| Burgin, Duane | 4198.19 | |
| Burnett, Stephan | 27744.95 | |
| Calhoun, Kenneth | 7436.29 | |
| Campbell, Michael | 10814.33 | |
| Caradine, Lisa | 2608.9 | |
| Christy L. Mitchel (aka Love) | 2894.25 | |
| Church, Eric | 4660.21 | |
| Ciano, James | 3357.15 | |
| Clark, Phillip | 0 | (not employed in class period) |
| Cox, Kelli | 15580.18 | |
| Craddock (Glockner), Twila J. | 2420.58 | |
| Davis, Richard | 427.75 | |
| Delorenza, Christina | 0 | (not employed in class period) |
| Denman, Stacy | 3668.71 | |
| DeYoung, Michelle L. | 29667.71 | |
| Dickinson, Robert J. | 6674.63 | |
| Dillin, Ray | 0 | (not employed in class period) |
| Dozier, Debra | 3987.52 | |
| Dunn, Ronnie | 0 | (not employed in class period) |
| Dunphy, Jean | 15352.94 | |
| Edwards, Rochelle | 0 | (not employed in class period) |
| Esterline, Blythe | 14117.91 | |
| Eubanks, Sarah | 0 | (not employed in class period) |
| Eye, Benjamin | 6318.7 | |
| Fertal, Lindsay | 21871.42 | |
| Fleming, Kara | 17590.87 | |
| Force, Kimberly | 13404.82 | |
| Foster, Rachel M. | 23022.4 | |

CALCULATION AND APPORTIONMENT OF PLAINTIFFS' DOUBLE DAMAGES BASED UPON THE
ASSUMPTION OF A 14 HOUR DAY WITH THE REGULAR RATE PAID FOR 13 HOURS

| | | |
|---|---|---|
| Frakes, Richard | 50020.4 | |
| Fuller, Rachel | 13513.03 | |
| Gills, Rodriquez | 11722.05 | |
| Gladu, Lindsay (Diane) | 52496.7 | |
| Goltz, Mandy | 419.19 | |
| Goodman, Leah | 10063.89 | |
| Goodwillie, Michael R. | 9135.17 | |
| Granado, Olivia I. | 2677.75 | |
| Gray, Stephanie | 42111.83 | |
| Guimond, Tim | 17315.06 | |
| Guthrie, Jennifer | 6578.32 | |
| Halley, Brian | 1815.44 | |
| Hanson, Dustin | 20689.53 | |
| Harvey, Stephanie | 14818.94 | |
| Haun, Amanda | 0 | (not employed in class period) |
| Hefta, Scott M. | 39467 | |
| Hendrick, Karisse | 2328.74 | |
| Herbert, Phil | 38789.85 | |
| Hildebrandt, Elisabeth | 2406.05 | |
| Hinzman, Jason | 21785.32 | |
| Holley, Amber | 8291.02 | |
| Howard, Robert Ryan | 4482.51 | |
| Humphreys, Catherine | 24943.45 | |
| Irvin, Jennifer | 15754.64 | |
| Jewell, Erin | 15196.33 | |
| Johnson, Tom | 2662.65 | |
| Jonstone, Carolyn | 0 | (not employed in class period) |
| Kavanau, Corrie | 5446.33 | |
| Kehl, Sylvia | 22463.51 | |
| Kennedy, Megan | 27528.2 | |
| Kimble, Jessica | 16072.21 | |
| Kipp, Karen | 397.81 | |
| Kleier, Jaclyn | 2289.31 | |
| Knight Jr., Gregory | 648.96 | |
| Knight, Cassandra | 12602.48 | |
| Kuprienko, Kevin | 29354.26 | |
| Kuzov, Shanda | 2662.65 | |
| La Follette, Suzanna | 1894.68 | |
| Lampe, Amy | 20799.27 | |
| Lane, Donyelle | 23407.21 | |
| Lehman, Heather | 397.81 | |
| Lett, Angela | 0 | (Worked only on foreign flagged Spirit of Oceanus) |
| Lispie, Alissa | 12704.45 | |
| Litvak, Norman | 14958.51 | |
| Long, Amy | 8714.45 | |
| Long, Melanie | 12639.13 | |
| Lucas, Ryan | 16606.56 | |
| Mack, Trinity | 41955.17 | |
| Marcello, Robert A. | 10222.69 | |
| Martinez, Alicia | 3207.28 | |
| Mathews, Roland | 0 | (not employed in class period) |

CALCULATION AND APPORTIONMENT OF PLAINTIFFS' DOUBLE DAMAGES BASED UPON THE
ASSUMPTION OF A 14 HOUR DAY WITH THE REGULAR RATE PAID FOR 13 HOURS

| | |
|---|---|
| Mauricio, Christina | 7114.89 |
| McCullough, James | 11702.04 |
| McGregor, Nicole | 23920.52 |
| Menzel, Faye | 1654.92 |
| Merila, Lia A. | 4243.04 |
| Mewmaw, Chad | 15829.27 |
| Mostefa, Benbadis L. | 3946.98 |
| Neifert, Leanne | 1679.28 |
| O'Dell, Donita | 28515.02 |
| Orr, Joshua M. | 427.75 |
| Outen, Aaron | 9314.98 |
| Oveson, Amanda K. | 731.45 |
| Page, Alexa C. | 12078.65 |
| Palko, Rachel | 12756.1 |
| Persha, Chad N. | 33807.63 |
| Peterson, Andrea | 8578.32 |
| Potter, Connie | 55965.42 |
| Pradel, Tamlin | 28133.51 |
| Price, Cory | 2699.94 |
| Quinn, Nicoll | 6000.17 |
| Raketty, Clifford | 8748.57 |
| Reagan, Carol | 6946.24 |
| Reier, Carl | 24232.94 |
| Renaud, Marlene | 0  (not employed in class period) |
| Riley-Smith, Lauricia | 2937.94 |
| Rodriguez, Arthur | 13778.94 |
| Ruffino, Gregory K. | 18660.18 |
| Russell, Tyler J. | 8245.15 |
| Sandelin, Sabrina | 17052.26 |
| Sanders, Alixis | 4198.19 |
| Sapp, Byron | 6867.35 |
| Schultz, Gerard | 6867.35 |
| Shaw, Cheyenne | 2724.03 |
| Sheehan, Amy | 4025.97 |
| Sibbald, Shannon | 27356.14 |
| Siekkinen, J. Garin | 18273.31 |
| Siekkinen, John Brandon | 4538.63 |
| Smith, Dwayne | 6670.14 |
| Smith, Gary | 13285.7 |
| Smith, Nicole | 8184.8 |
| Spencer, Alanna J. | 1376.72 |
| Steppig, Jennifer | 397.81 |
| Stewart, Jennifer | 18686.89 |
| Stone, Kate | 7223.77 |
| Strode, Callie A. | 8813.01 |
| Talley, Kasey | 5348.01 |
| Tarbell, Ryan | 18648.69 |
| Taylor, Chris | 8169.5 |
| Thylin, Sandra | 3364.57 |
| Tofte, Erik | 10301.03 |
| Toney, Richard | 513.3 |

CALCULATION AND APPORTIONMENT OF PLAINTIFFS' DOUBLE DAMAGES BASED UPON THE
ASSUMPTION OF A 14 HOUR DAY WITH THE REGULAR RATE PAID FOR 13 HOURS

| | |
|---|---|
| Wait, Alex | 11800.38 |
| Welfare, Lisa A. | 3946.98 |
| Williams, Christopher | 8772.3 |
| Wood, Karianne | 5612.01 |
| Wood, Tammy M. | 13261.95 |
| Wright, Angela | 12177.42 |
| Yu, John | 34870.68 |